IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| v. | §   CRIMINAL ACTION NO. 4:24-CR-123- |
| | §                    ALM-AGD-1 |
| COREY TROY MORTON | § |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the court is the request for revocation of Defendant Corey Troy Morton's ("Defendant") supervised release. After the District Judge referred the matter to this court for a report and recommendation, the court conducted a hearing on September 3, 2024, to determine whether Defendant violated his supervised release. Defendant was represented by Michael Pannitto of the Federal Public Defender's Office. The Government was represented by Matt Johnson.

Defendant was sentenced on August 16, 2016, before The Honorable John A. Ross of the Eastern District of Missouri, St. Louis Division after pleading guilty to the offense of Felon in Possession of a Firearm, a Class C felony. This offense carried a statutory maximum imprisonment term of not more than 10 years imprisonment. The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of IV, was 100 to 120 months. Defendant was subsequently sentenced to 120 months imprisonment followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include refraining from unlawful use of a controlled substance, substance abuse testing and treatment, mental health treatment, search condition, and a $100 special assessment. On February 13, 2023, Defendant completed his period of imprisonment and began service of the supervision term. On June 5, 2024,

Defendant's case was transferred to the Eastern District of Texas, Sherman Division, and assigned to The Honorable Amos L. Mazzant, III, U.S. District Judge.

On July 12, 2024, the United States Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision. (Dkt. #2, Sealed). The Petition asserts that Defendant violated five conditions of supervision, as follows: (1) (mandatory) Defendant shall not commit another federal, state, or local crime; (2) (mandatory) Defendant shall not unlawfully possess a controlled substance; (3) (mandatory) Defendant shall refrain from any unlawful use of a controlled substance; (4) (standard) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician; and (5) (standard) Defendant shall notify the probation officer at least ten days prior to any change in residence or employment (Dkt. #2 at pp. 1–2, Sealed).

The Petition alleges that Defendant committed the following acts: (1) On or about July 8, 2024, the Richardson Police Department conducted an investigative stop on the vehicle where Defendant was the passenger. During a pat search of Defendant for weapons, a small plastic bag fell from his waistband. The bag contained multiple smaller bags with multicolored pills which Defendant identified as ecstasy, and a white powdery substance which he identified as cocaine. Defendant immediately stated the bag contained drugs, that he was a drug user, and none of it was his wife's, who was the driver of the vehicle. Defendant also advised that a backpack on the front passenger floorboard was his property and there was marijuana inside it. During the subsequent search of the vehicle, officers located the backpack which contained multiple cell phones, two baggies containing marijuana, small plastic jewelry bags, and $1,046 in U.S. currency. Defendant was arrested for the following charges: Possession of a Controlled Substance PG 1/1B>= 1G<4G

– Cocaine – 3rd Degree felony; Manufacture/Delivery Controlled Substance PG 2 or 2-A >= 4G <400G – Ecstasy – 1st Degree Felony; Manufacture/Delivery Controlled Substance PG 2 or 2-A >= 4G <400G – Adderall – 1st Degree Felony; and Possession of Marijuana <2oz – Class B Misdemeanor. The first and fourth charges were subsequently dropped by the assigned Detective with the Richardson Police Department. Defendant posted bond on the other two charges, which remain pending; (2) On April 17, 2023, December 6, 2023, April 9, 2024, and April 30, 2024, Defendant reported to the U.S. Probation Office and submitted urine samples which tested positive for the use of marijuana. All four urine samples were confirmed positive for THC use by Alere Toxicology Services Inc.; and (3) On April 9, 2024, Defendant informed the U.S. Probation Office that he moved to a new residence in Prosper, Texas, at the end of March 2024 and failed to notify probation at least ten days prior to his change in residence. (Dkt. #2 at pp. 1–2, Sealed).

Prior to the Government putting on its case at the final revocation hearing, the Government moved to dismiss allegations (1), (2), and (5) of the Petition. Defendant entered a plea of true to allegations (3) and (4) of the Petition.

Having considered the Petition and the plea of true to allegations (3) and (4), the court finds that Defendant did violate his conditions of supervised release.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for an additional term of eighteen (18) months with no supervised release to follow.

The court further recommends that allegations (1), (2), and (5) of the Petition be dismissed.

The court finally recommends that Defendant be housed in a Bureau of Prisons facility in Seagoville, Texas, if appropriate, and receive drug treatment while incarcerated.

**IT IS SO ORDERED.**

**SIGNED this 4th day of October, 2024.**

_____
AILEEN GOLDMAN DURRETT
UNITED STATES MAGISTRATE JUDGE